UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,  Case No. 3:15-cr-00007

        Plaintiff

  v.  MEMORANDUM OPINION
                                              AND ORDER

Jewel A. Washington,

        Defendant

Defendant Jewel Washington moves this court to grant her an acquittal for her conviction after trial by jury for a violation of 26 U.S.C. § 7213(a)(1). (Doc. 56). The government has opposed. (Doc. 57). Because Washington has failed to meet the high burden the law imposes for judgment of acquittal under Fed. R. Crim. P. 29, her motion is denied.

Ms. Washington proceeded to trial by jury in this matter after being indicted for willful disclosure of her ex-husband Alfred Washington's taxpayer identity, and the nature and source of his income. In support of its burden of proof, the government called four witnesses and introduced exhibits related to the taxpayer information at issue, plus documents the government argues were instructive for the jury as to the defendant's knowledge of the prohibition on sharing such taxpayer information. I denied the defendant's motion for acquittal under Rule 29 at the close of the government's case. The defense admitted exhibits establishing Washington's efforts to prove that her ex-husband allegedly had been underreporting, or even falsely reporting, his income for purposes of calculation of his child support obligations to Washington.

As a general matter, in reviewing a defendant's Rule 29 motion, I must review the evidence in the light most favorable to the prosecution. I may grant relief only if I find no rational trier of fact could have found proof of guilt beyond a reasonable doubt that the defendant committed the crime charged. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). In conducting my analysis, I "do not weigh the evidence, evaluate witness credibility, or displace the jury's judgment with [my] own." *United States v. Wagner*, 382 F.3d 598, 610-11 (6th Cir. 2004).

To obtain a conviction under the statute at issue, 26 U.S.C. § 7213(a)(1), the government must establish four elements by proof beyond a reasonable doubt:

(1) The defendant was an employee of the United States;

(2) The defendant disclosed returns or return information (as defined in 26 U.S.C. § 6103(b);

(3) The disclosure by the defendant was not authorized;

(4) The defendant's disclosure was willful.

Defendant Washington does not challenge the first and third elements outlined above. Nevertheless, I note with regard to the first element, there was ample evidence Ms. Washington was an employee of the Internal Revenue Service, and therefore an employee of the United States, at the time of the alleged disclosure on March 12, 2013. Defendant offered no evidence or argument at trial to the contrary. As to the third element, there was simply no evidence from which to conclude the defendant was in any way authorized to release the information at issue in the case, as that authorization is defined. Accordingly, I find there was sufficient evidence from which a rational jury could find by proof beyond a reasonable doubt that the government had met its burden on the first and third elements. Indeed, there is simply no evidence disputing establishment of those elements.

The focus of defendant's argument here, therefore, is that the government fell far short regarding its burden of proof establishing the second and fourth elements: that defendant disclosed returns or return information, and that the disclosure was willful.

A.Disclosure

The government presented clear evidence that the defendant accessed the TDS records system for the IRS no less than 97 times in searching for records for an "Alfred Washington." In addition, through the testimony of Thomas Borgia of the Lucas County Child Support Enforcement Agency, the government established that Ms. Washington presented tax information bearing the name of "Al Washington" in support of her claim regarding child support payments by her ex-husband, also named "Alfred Washington."

Clearly, there is a correlation from this evidence by which a jury might properly infer and easily conclude that the "Al Washington" contained in the tax documents provided to Mr. Borgia was indeed the name "Alfred Washington" as searched for by Ms. Washington, and that she did so in order to bolster her argument for child support from her ex-husband, Alfred Washington. It strains credulity to suggest that government has somehow fallen short in its burden, as the defendant argues, because Mr. Borgia may have referred to the name on the tax documents presented at the hearing of bearing the name, "Al Washington" instead of "Alfred Washington," or that in the nearly 100 times Ms. Washington searched for records in that name, she recovered none.

There was more than sufficient evidence by which a rational jury could have found this element was established by proof beyond a reasonable doubt.

B.Willful Disclosure

Finally, the government must prove Ms. Washington's disclosure of Alfred Washington's identity was willful. Generally, to establish a "willful" violation of a statute, the government must

3

prove that the defendant "acted with knowledge that [her] conduct was unlawful." *Ratzlaf v. United States*, 510 U.S. 135, 137 (1994) (as applied to antistructuring law).  The government must prove that she knew of her legal duty not to disclose, and that she acted with specific intent in contravention of that legal duty.  *Cheek v. United States*, 498 U.S. 192, 201 (1991) (interpreting violations of tax laws).  The government provided ample evidence from which the jury could reach such a conclusion.

As to Ms. Washington's knowledge of the propriety of access to and the handling of information to which she had access while working for the IRS, the government presented testimony and certifications attesting to the sensitivity of the information, and the legal prohibition of accessing or distributing such information unless she was in performance of an appropriate job duty.  And she received, like her fellow employees, subsequent training sessions to emphasize and refresh her legal duties, and what constitutes both lawful and prohibited conduct.

If Ms. Washington only realized she had violated the law when confronted about the propriety of the disclosure at the hearing with Mr. Borgia, she could – and should – have notified her superiors about the misunderstanding.  There is no such disclosure in the record.

In summary, there is ample evidence by which a rational jury could have found that the government met its burden of proof beyond a reasonable doubt as to each of the four essential elements.  Accordingly, I cannot say a rational trier of fact could not have found proof beyond a reasonable doubt that the defendant committed the crime charged.  Defendant's motion is denied (Doc. 56).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge